16479. GARRARD *et al. v.* SOUTHERN COTTON OIL COMPANY.

STEPHENS, J. 1. Where a seller, on delivery to a carrier for shipment to the purchaser of the commodity contracted for, draws a sight draft upon the purchaser for the purchase-money and causes the draft to be transmitted through a bank to a bank at the point of destination, for presentation to the purchaser, the seller impliedly consents to any reasonable or unavoidable delay accompanying the presentation and collection of the draft. Where, upon arrival of the draft at the collecting bank, the plaintiff was absent from his place of business, but paid the draft on the following day, such delay does not demand the inference, as a matter of law, that the plaintiff had failed to pay cash, as contracted for, for the commodity shipped, and therefore does not demand the inference, as a matter of law, that the seller was absolved from his contractual obligation to make future deliveries under the contract.

2. In a suit by the purchaser against the seller upon two contracts for the sale of personalty, certain correspondence between opposing counsel was properly admitted as tending to establish a written admission by counsel for the defendant, with authority from the defendant, of the existence of the contracts sued on, and therefore taking them out of the statute of frauds. *Capital City Brick Co. v. Atlanta Ice Co.,* 5 *Ga. App.* 436 (63 S. E. 562).

3. A letter from the plaintiff, making demand upon the defendant for performance of the contract, was properly admitted in evidence.

4. The contract price of a commodity sold is not necessarily the market value of the commodity on the date of the sale. It follows, therefore,

Evidence, 22 C. J. p. 188, n. 16 New.

Frauds, Statute of, 27 C. J. p. 389, n. 92 New.

Sales, 35 Cyc. p. 273, n. 78; p. 628, n. 72; p. 632, n. 19; p. 637, n. 60; p. 649, n. 94.

that evidence that the market value of the commodity increased by a certain amount between the date of the contract and the date for delivery under the contract, in the absence of evidence as to the market value on the date the contract was entered into other than the price agreed upon in the contract, and in the absence of evidence as to the market value upon the date for delivery other than the contract price named in a new contract made on that date for the sale of a commodity of the same description, is insufficient to establish conclusively without dispute the amount of damage suffered by the purchaser resulting from a breach of the contract, namely, the difference between the contract price and the market value of the commodity sold at the time and place for delivery.

5. There being no evidence that the time for delivery, as provided for in the first contract, which was within ten days after its execution on October 23, 1922, had been extended beyond that period to November 9, 1922, or any other date, the damages for a breach of that contract must be determined with reference to the time for delivery specified therein. Since, under the ruling in paragraph 4 above, the evidence does not conclusively establish the amount of damages resulting from a breach of the first contract, the court erred in directing the verdict for the plaintiff as respects this contract.

6. The evidence demanded a verdict for the plaintiff in a definite amount for a breach of the second contract sued upon, namely, the contract dated November 2, 1922.

7. No error, except as indicated above, appears.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 26, 1926.

Breach of contract; from Baldwin superior court—Judge Park. April 15, 1925.

STATEMENT OF FACTS BY STEPHENS, J.

Southern Cotton Oil Company sued P. R. and W. T. Garrard as a partnership, alleging that the plaintiff, on October 23, 1922, purchased of them "two carloads of twelve tons each, white Spanish peanuts, at $80 per ton f. o. b. Milledgeville, Georgia, to be delivered within ten days;" and that on November 2, 1922, the plaintiff purchased from the defendants "fifteen hundred bushels of peanuts or 18.75 tons f. o. b. Milledgeville, at $95, delivery to be made within ten days, being same kind peanuts as above;" that the defendants delivered one carload of peanuts under the terms of the contract entered into on October 23, 1922, and were paid therefor, but that the defendants failed and refused to deliver the second carload of peanuts agreed to be delivered under that contract, to the damage of the plaintiff in the sum of $360, which was the difference in the contract price for the second carload of twelve tons at $80 per ton and the same at $110 per ton, the market value

at the time and place for delivery; that the defendants failed and refused to make deliveries of peanuts in compliance with the contract of November 2, 1922, although the plaintiff had demanded of them performance of this contract, to the plaintiff's damage in the sum of $281.25, which was the difference in the contract price of 18.75 tons at $95 per ton and the same at $110 per ton, the market value at the time and place for delivery. The defendants filed a general denial. The plaintiff's petition was silent as to whether either of the contracts sued upon was oral or was in writing. There was no plea setting up the statute of frauds. It appears from the record that the defendants moved for a nonsuit on the ground that the contract of November 2, 1922, was not in writing as required by the statute of frauds, and the motion was overruled. There was no exception to the overruling of this motion.

It appears from undisputed evidence that the parties contracted as alleged in the petition, but that the contracts were not in writing; that the only performance by the defendants consisted in delivering one carload of peanuts as contracted for under the contract of October 23, 1922; that in payment therefor a draft was drawn through a bank in Milledgeville by the agent of the plaintiff, directed to the plaintiff and payable to the defendants, which draft the Milledgeville bank transmitted to its correspondent bank in Macon, whence it was finally transmitted to a bank in Greensboro for collection; that when the bank in Greensboro notified the office of the plaintiff in Greensboro of the draft, the bank was informed that the draft would be paid the next day; that on the next day, which was November 8, the draft was paid by the plaintiff at the bank in Greensboro; that on November 9 the defendants, who were loading a car in Milledgeville, preparatory to making a delivery of a second carload, took the peanuts out of the car and failed to ship any more peanuts under either of the contracts, excusing this action upon the ground that the draft had not been paid.

The testimony of R. S. Patillo, a witness for the plaintiff, which was undisputed, was in part as follows: "The market value on November 9, 1922, f. o. b. cars Milledgeville, was $110 a ton. Peanuts never went below $110 until this last spring, in July. . . Between October 23, 1922, and ten days later, which would

put it to the second of November, 1922,—between those dates the advance in the market value of white Spanish peanuts f. o. b. cars Milledgeville was $15 a ton.   November 2 would make a great deal of difference, because I bought two cars on two different days and made $15 a ton difference."   No evidence was introduced to show the market price of peanuts at any time between October 23, 1922, and November 2, 1922, the period within which delivery was to have been made under the terms of the first contract, other than the contract price of $95 per ton in the contract of November 2, nor was there any evidence, other than the contract price agreed upon in the contract dated October 23, to establish the market value on that date.

The court directed a verdict for the plaintiff for the full amount sued for under both contracts.   The defendants made a motion for a new trial, excepting to the admission of certain evidence, as indicated in the syllabus, and to the direction of a verdict.   The motion for a new trial was overruled.

*Allen & Pottle,* for plaintiffs in error.
*Sibley & Sibley,* contra.